**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAILEN BREWER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    vs. | ) | |
| | ) | |
| | ) | |
| SERGEANT ROBYN FRAZIER and | ) | Case No.: 1:26-cv-1508 |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
|    Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by counsel, Terrance Kinnard, for his Complaint and Demand for Jury Trial, states the following:

### PARTIES

1. Dailen Brewer is a natural person and resident of Marion County, Indiana.

2. Sergeant Robyn Frazier is a duly appointed law enforcement officer employed by the Indianapolis Metropolitan Police Department. Sgt. Frazier resides at an address known to Plaintiff's counsel and which is in Marion County, Indiana.

3. The City of Indianapolis is a consolidated city-county located in central Indiana. The Indianapolis Metropolitan Police Department is a unit of the City of Indianapolis.

### JURISDICTION AND VENUE

4. The Plaintiff herein invokes the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1343, to obtain a judgment for damages suffered and sustained by the Plaintiff and caused by the Defendant's violations of the Plaintiff's rights, privileges, and immunities, as guaranteed by applicable federal statutes, specifically 42 U.S.C. § 1983 and 1988, and for the costs of suit, including reasonable attorney's fees.

1

5. Plaintiff additionally invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to seek relief for related state law claims, which form part of the controversy under Article III.

6. Venue in the Indianapolis Division of the Southern District of Indiana is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial portion of the events which give rise to this action took place within this District.

**FACTUAL ALLEGATIONS**

7. On April 12, 2026, Plaintiff Dailen Brewer ("Brewer") was driving into Riverside Park located on the northwest side of Indianapolis.

8. Riverside Park is a popular gathering place for young people, particularly the African-American community.

9. Brewer was transporting firearms he lawfully possessed.

10. When Brewer entered the park, he noticed IMPD vehicles parked at the entrance, but he did not see any police officers outside their vehicles, and the police vehicles were not positioned in such a manner that would indicate the park was closed or the entrance was blocked.

11. Sgt. Frazier's police vehicle was one of the two IMPD vehicles at the park's entrance.

12. When Brewer drove around the police vehicles to enter the Park, Sgt. Frazier followed Brewer to a parking space within the park where Brewer had lawfully parked.

13. Sgt. Frazier approached Brewer's parked car.

14. Sgt. Frazier looked into Brewer's vehicle and then opened his driver's side door.

15. When the door opened, Brewer was visible on Frazier's body-worn camera with his hands up in the air and his firearms were on the floor and one was between his legs, but Brewer's hands remained raised the entire time.

16. Sgt. Frazier attempted to remove Brewer from the vehicle, but the car was still in gear

and started to roll.

17.    When Brewer attempted to place the vehicle in park, Sgt. Frazier drew her firearm for the first time and pointed it at Brewer and his front seat passenger, who also had his hands clearly raised.

18.    Brewer immediately stopped attempting to take the vehicle out of gear.

19.    Brewer was then removed from the vehicle and placed under arrest.

20.    Sgt. Frazier recommended charges of:

    a.    Resisting law enforcement while drawing a deadly weapon, a Level 5 felony;

    b.    Intimidation of a public servant, as a Level 6 felony;

    c.    Pointing a loaded firearm, as a Level 6 felony;

    d.    Attempted murder, a Level 1 felony; and

    e.    Pointing a firearm as a Level 6 felony.

21.    Sgt. Frazier then authored a probable cause affidavit, signed under penalties for perjury, and presented it to the prosecutor and court with the intent that charges be filed and pursued against Brewer. The affidavit reads, in part:

> While Sgt Frazier began visually scanning the vehicle, the driver identified as Dailen Brewer appeared to be pointing a revolver towards Sgt Frazier at the door panel. Sgt Frazier stepped to the side to obtain a better angel (*sic*) and ordered Brewer to move his hands. Sgt Frazier saw the barrel end of the revolver point in her direction. Brewer raised the revolver, then dropped then (*sic*) gun and raised both hands.

22.    The truth is that Brewer had his hands raised the entire time.

23.    Sgt. Frazier fabricated the entire paragraph referenced above, and Brewer never touched the firearm in Sgt. Frazier's presence.

24.    Because of the serious nature of the charges alleged by Sgt. Frazier – particularly the Level 1 felony charge of attempted murder – Brewer was unable to post bond.

25.    Brewer remained detained in the Marion County Adult Detention Center until the

evening of April 16, 2026, when a Marion County Deputy Prosecuting Attorney dismissed all charges after finding that the body-worn camera footage did not match Sgt. Frazier's sworn affidavit.

### FIRST CAUSE OF ACTION 42 U.S.C. §1983 Fourth Amendment
### Unlawful Seizure / False Arrest - Frazier

26. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

27. The Fourth Amendment guarantees citizens the right to be free from unreasonable searches and seizures.

28. Defendant, acting under color of state law, intentionally arrested Plaintiff without probable cause.

29. At the time Defendant seized Plaintiff, no reasonably prudent officer could have concluded that Plaintiff committed attempted murder, intimidation, pointing a firearm, resisting law enforcement, or any other offense.

30. Defendant knowingly misrepresented Plaintiff's conduct by falsely claiming Plaintiff pointed a firearm at her.

31. Defendant's body-worn camera footage demonstrates Plaintiff never pointed a firearm and instead kept his hands raised.

32. Defendant lacked probable cause to arrest Plaintiff.

33. As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

    a. loss of liberty;

    b. incarceration;

    c. emotional distress;

    d. humiliation;

    e. loss of reputation;

    f. attorney fees and expenses; and

g.   other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

**SECOND CAUSE OF ACTION - 42 U.S.C. §1983 – Fourth Amendment**
**Judicial Deception / Unreasonable Seizure Based Upon Fabricated Probable Cause - Frazier**

34.   Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

35.   Defendant intentionally prepared and signed a probable cause affidavit under penalty of perjury.

36.   Defendant knowingly included materially false statements.

37.   Defendant omitted material facts demonstrating Plaintiff never pointed a firearm.

38.   Defendant knew those false statements were necessary to establish probable cause.

39.   Without the fabricated statements, probable cause did not exist.

40.   Plaintiff was jailed for several days because of Defendant's knowingly false affidavit.

41.   Defendant thereby violated Plaintiff's Fourth Amendment rights.

42.   As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

a.   loss of liberty;

b.   incarceration;

c.   emotional distress;

d.   humiliation;

e.   loss of reputation;

f.   attorney fees and expenses; and

g.   other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under

§1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

## THIRD CAUSE OF ACTION - Fourteenth Amendment –
### Due Process (Fabrication of Evidence) - Frazier

43.  Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

44.  Defendant intentionally fabricated evidence.

45.  Defendant knowingly created false evidence.

46.  Defendant intended prosecutors and courts to rely upon those false statements.

47.  The fabricated evidence caused Plaintiff's incarceration.

48.  Such conduct shocks the conscience.

49.  Defendant deprived Plaintiff of liberty without due process.

50.  As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

     a.  loss of liberty;

     b.  incarceration;

     c.  emotional distress;

     d.  humiliation;

     e.  loss of reputation;

     f.  attorney fees and expenses; and

     g.  other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

## FOURTH CAUSE OF ACTION – §1983 –
### Malicious Prosecution - Fourth Amendment – Frazier

51. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

52. Defendant caused criminal charges to be initiated.

53. Defendant knowingly supplied false information.

54. Plaintiff was seized pursuant to legal process.

55. Criminal proceedings terminated in Plaintiff's favor.

56. Defendant acted intentionally or with reckless disregard.

57. Plaintiff suffered damages.

58. As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

   a. loss of liberty;

   b. incarceration;

   c. emotional distress;

   d. humiliation;

   e. loss of reputation;

   f. attorney fees and expenses; and

   g. other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

### FIFTH CAUSE OF ACTION – Indiana False Arrest –City of Indianapolis

59. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

60. Sgt. Frazier, while acting within the scope of her employment with Defendant City of Indianapolis, arrested Plaintiff.

61. Sgt. Frazier lacked probable cause.

62. The arrest was unlawful.

63. Plaintiff suffered damages.

64. As a direct and proximate result of Sgt. Frazier's false arrest, Plaintiff suffered:

   a. loss of liberty;

   b. incarceration;

   c. emotional distress;

   d. humiliation;

   e. loss of reputation;

   f. attorney fees and expenses; and

   g. other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages, costs, prejudgment interest where appropriate, and all other just relief.

### SIXTH CAUSE OF ACTION – Indiana False Imprisonment – City of Indianapolis

65. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

66. Sgt. Frazier intentionally restrained Plaintiff's liberty.

67. Plaintiff was confined.

68. Sgt. Frazier lacked lawful authority.

69. Plaintiff remained incarcerated approximately four days.

70. Plaintiff suffered damages.

71. At all relevant times, Sgt. Frazier was acting within the scope of her employment.

72. As a direct and proximate result of Plaintiff's false imprisonment caused by Sgt. Frazier, Plaintiff suffered:

   a. loss of liberty;

  b.  incarceration;

  c.  emotional distress;

  d.  humiliation;

  e.  loss of reputation;

  f.  attorney fees and expenses; and

  g.  other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages, costs, prejudgment interest where appropriate, and all other just relief.

**SEVENTH CAUSE OF ACTION – Indiana Malicious Prosecution – City of Indianapolis**

73. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

74. Sgt. Frazier instituted or caused criminal proceedings.

75. Defendant acted with malice.

76. Defendant lacked probable cause.

77. Proceedings terminated in Plaintiff's favor.

78. Plaintiff suffered damages.

79. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff suffered:

  a.  loss of liberty;

  b.  incarceration;

  c.  emotional distress;

  d.  humiliation;

  e.  loss of reputation;

  f.  attorney fees and expenses; and

  g.  other compensatory damages.

WHEREFORE Plaintiff requests compensatory damages, punitive damages, costs,

prejudgment interest where appropriate, and all other just relief.

**EIGHTH CAUSE OF ACTION – Defamation**
**(Libel and/or Defamation by Publication) – City of Indianapolis**

80. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

81. Following Plaintiff's arrest, Defendant City of Indianapolis, acting through the Indianapolis Metropolitan Police Department and its authorized employees and agents, publicly released statements to the media concerning Plaintiff.

82. The statements included assertions that Plaintiff pointed a firearm at Sgt. Robyn Frazier, attempted to shoot Sgt. Frazier, and otherwise attempted to murder a police officer.

83. Those statements were false.

84. At the time Defendant continued publishing and republishing those statements, Defendant knew, or acted with reckless disregard, that the statements were false.

85. Defendant possessed Sgt. Frazier's body-worn camera footage, which demonstrated that Plaintiff never pointed a firearm at Sgt. Frazier and never attempted to shoot her.

86. Defendant further knew that the Marion County Prosecutor dismissed every criminal charge after determining the body-worn camera footage did not support Sgt. Frazier's sworn allegations.

87. Despite this knowledge, Defendant continued to publish and maintain the false statements on its official website, press releases, and other publicly accessible media, where they remained available to the public as of July 15, 2026.

88. Defendant's continued publication falsely portrayed Plaintiff as an individual who attempted to murder a police officer.

89. The statements were published to numerous third parties.

90. The statements were defamatory per se because they falsely accused Plaintiff of serious criminal conduct.

91.    Defendant acted negligently, recklessly, or with actual malice in continuing to publish statements it knew were false.

92.    As a direct and proximate result of Defendant's defamatory publications, Plaintiff has suffered damages including:

    a.    injury to his reputation;

    b.    humiliation;

    c.    public ridicule;

    d.    emotional distress;

    e.    loss of employment and business opportunities;

    f.    embarrassment;

    g.    other general and special damages.

WHEREFORE, Plaintiff demands judgment against Defendant City of Indianapolis for compensatory damages, presumed damages, special damages, costs, prejudgment interest where allowed by law, and all other just and proper relief.

Respectfully submitted,

By____*/s/ Terrance Kinnard*_____.
Terrance Kinnard, #22224-49
Kinnard Rowley Powers Jimenez
320 N. Meridian St., Ste. 1006
Indianapolis, IN 46204
Telephone: 317-855-6282
Facsimile: 317-855-6284
Email:tkinnard@krpjlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By____*/s/ Terrance Kinnard*_____.
Terrance Kinnard, #22224-49

11