**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **DAILEN BREWER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 1:26-CV-1508-JPH-TAB** |
| | ) | |
| **SERGEANT ROBYN FRAZIER and CITY OF INDIANAPOLIS,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, Sergeant Robyn Frazier and City of Indianapolis (collectively "Defendants"), and for their response to Plaintiff's Complaint state as follows:

## PARTIES

1. Dailen Brewer is a natural person and resident of Marion County, Indiana.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

2. Sergeant Robyn Frazier is a duly appointed law enforcement officer employed by the Indianapolis Metropolitan Police Department. Sgt. Frazier resides at an address known to Plaintiff's counsel and which is in Marion County, Indiana.

**ANSWER**: Defendants admit only that Sgt. Frazier is a law enforcement officer employed by the City of Indianapolis and that Sgt. Frazier resides in the State of Indiana. Defendants deny any other allegation in this paragraph.

3. The City of Indianapolis is a consolidated city-county located in central Indiana. The Indianapolis Metropolitan Police Department is a unit of the City of Indianapolis.

**ANSWER**: To the extent that Plaintiff restates state law, no response is required. Defendants admit only that the City is a consolidated city under Indiana law. Defendants state that the

IMPD is a department of the City of Indianapolis, not a "unit" under Indiana law. Therefore, Defendants deny any other allegations in this paragraph.

## JURISDICTION AND VENUE

4. The Plaintiff herein invokes the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1343, to obtain a judgment for damages suffered and sustained by the Plaintiff and caused by the Defendant's violations of the Plaintiff's rights, privileges, and immunities, as guaranteed by applicable federal statutes, specifically 42 U.S.C. § 1983 and 1988, and for the costs of suit, including reasonable attorney's fees.

**ANSWER**: To the extent that Plaintiff restates federal law, no response is required. Defendants admit that jurisdiction is proper with this Court. Defendants deny any other allegations in this paragraph, deny that they violated any federal laws, and deny that Plaintiff is entitled to any relief whatsoever.

5. Plaintiff additionally invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to seek relief for related state law claims, which form part of the controversy under Article III.

**ANSWER**: To the extent that Plaintiff restates federal law, no response is required. Defendants admit that jurisdiction is proper with this Court. Defendants deny any other allegations in this paragraph, deny that they violated any federal laws, and deny that Plaintiff is entitled to any relief whatsoever.

6. Venue in the Indianapolis Division of the Southern District of Indiana is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial portion of the events which give rise to this action took place within this District.

**ANSWER**: Defendants admit only that venue is proper in the Southern District of Indiana. Defendants deny any other allegations in this paragraph and, more specifically, deny that they violated any federal laws.

**FACTUAL ALLEGATIONS**

7. On April 12, 2026, Plaintiff Dailen Brewer ("Brewer") was driving into Riverside Park located on the northwest side of Indianapolis.

**ANSWER**: Defendants admit the allegations in this paragraph.

8. Riverside Park is a popular gathering place for young people, particularly the African-American community.

**ANSWER**: Defendants admit the allegations in this paragraph.

9. Brewer was transporting firearms he lawfully possessed.

**ANSWER**: Defendants admit that Plaintiff was in possession of multiple firearms into Riverside Park and that he was transporting them in his vehicle. Defendants are without sufficient information to either admit or deny the other allegations in this paragraph and therefore deny the same.

10. When Brewer entered the park, he noticed IMPD vehicles parked at the entrance, but he did not see any police officers outside their vehicles, and the police vehicles were not positioned in such a manner that would indicate the park was closed or the entrance was blocked.

**ANSWER**: Defendants admit only that Plaintiff entered the park. Defendants deny the other allegations in this paragraph.

11. Sgt. Frazier's police vehicle was one of the two IMPD vehicles at the park's entrance.

**ANSWER**: Defendants admit only that Sgt. Frazier's vehicle was at the park entrance with other police vehicles. Defendants deny any other allegations in this paragraph.

12. When Brewer drove around the police vehicles to enter the Park, Sgt. Frazier followed Brewer to a parking space within the park where Brewer had lawfully parked.

**ANSWER**: Defendants admit that Plaintiff drove around police vehicles blocking the lane of travel entering the park. Defendants admit that Sgt. Frazier followed Plaintiff to his car. Defendants deny any other allegations in this paragraph.

13. Sgt. Frazier approached Brewer's parked car.

**ANSWER**: Defendants admit the allegations in this paragraph.

14. Sgt. Frazier looked into Brewer's vehicle and then opened his driver's side door.

**ANSWER**: Defendants admit that Sgt. Frazier looked into Brewer's vehicle through a partially opened window. Defendants admit Sgt. Frazier opened Plaintiff's driver side door. Defendants deny that this occurred at the same time and deny any other allegations in this paragraph.

15. When the door opened, Brewer was visible on Frazier's body-worn camera with his hands up in the air and his firearms were on the floor and one was between his legs, but Brewer's hands remained raised the entire time.

**ANSWER**: Defendants admit only that Sgt. Frazier activated her body worn camera and that the video shows, when she opened the door, Plaintiff's left hand was visibly raised. Defendants deny that Plaintiff's firearms were on the floor the entire time of the encounter with Sgt. Frazier. Defendants deny that Plaintiff's hands were "raised the entire time" of the encounter with Sgt. Frazier. Defendants deny any other allegation in this paragraph.

16. Sgt. Frazier attempted to remove Brewer from the vehicle, but the car was still in gear and started to roll.

**ANSWER**: Defendants admit only that Plaintiff's car was still in gear at one point during the encounter. Defendants deny any other allegations in this paragraph.

17. When Brewer attempted to place the vehicle in park, Sgt. Frazier drew her firearm for the first time and pointed it at Brewer and his front seat passenger, who also had his hands clearly raised.

**ANSWER**: Defendants admit that Sgt. Frazier drew her firearm but deny that it was because Plaintiff's vehicle was in gear. Sgt. Frazier already had her firearm drawn when she attempted to order Plaintiff out of the vehicle. Defendants deny the other allegations in this paragraph.

18. Brewer immediately stopped attempting to take the vehicle out of gear.

**ANSWER**: Because Sgt. Frazier had already drawn her firearm at the time she attempted to order Plaintiff out of the vehicle, Defendants deny the allegations in this paragraph.

19. Brewer was then removed from the vehicle and placed under arrest.

**ANSWER**: Defendants admit only that Plaintiff exited the vehicle. Defendants deny any other allegations in this paragraph.

20. Sgt. Frazier recommended charges of:

a. Resisting law enforcement while drawing a deadly weapon, a Level 5 felony;

b. Intimidation of a public servant, as a Level 6 felony;

c. Pointing a loaded firearm, as a Level 6 felony;

d. Attempted murder, a Level 1 felony; and

e. Pointing a firearm as a Level 6 felony.

**ANSWER**: Defendants admit only that Sgt. Frazier referred charges of resisting law enforcement, intimidation and pointing a firearm. Defendants deny the other allegations in this paragraph.

21. Sgt. Frazier then authored a probable cause affidavit, signed under penalties for perjury, and presented it to the prosecutor and court with the intent that charges be filed and pursued against Brewer. The affidavit reads, in part:

> While Sgt Frazier began visually scanning the vehicle, the driver identified as Dailen Brewer appeared to be pointing a revolver towards Sgt Frazier at the door panel. Sgt Frazier stepped to the side to obtain a better angel (sic) and ordered Brewer to move his hands. Sgt Frazier saw the barrel end of the revolver point in her direction. Brewer raised the revolver, then dropped then (sic) gun and raised both hands.

**ANSWER**: Defendants admit that Sgt. Frazier signed a probable cause affidavit and that affidavit speaks for itself. Defendants deny any other allegations in this paragraph.

22. The truth is that Brewer had his hands raised the entire time.

**ANSWER**: Defendants deny that Plaintiff had "his hands raised the entire time." Defendants deny the other allegations in this paragraph.

23. Sgt. Frazier fabricated the entire paragraph referenced above, and Brewer never touched the firearm in Sgt. Frazier's presence.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier fabricated anything. Defendants deny Plaintiff "never touched the firearm in Sgt. Frazier's presence." Defendants deny the other allegations in this paragraph.

24. Because of the serious nature of the charges alleged by Sgt. Frazier – particularly the Level 1 felony charge of attempted murder – Brewer was unable to post bond.

**<u>ANSWER</u>**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

25. Brewer remained detained in the Marion County Adult Detention Center until the evening of April 16, 2026, when a Marion County Deputy Prosecuting Attorney dismissed all charges after finding that the body-worn camera footage did not match Sgt. Frazier's sworn affidavit

**<u>ANSWER</u>**: Defendants admit only that the Marion County Prosecutor's Office declined to file charges against Plaintiff. Defendants deny that the body worn camera footage "did not match Sgt. Frazier's sworn affidavit." Defendants deny the other allegations in this paragraph.

**FIRST CAUSE OF ACTION 42 U.S.C. §1983 Fourth Amendment**
**<u>Unlawful Seizure / False Arrest – Frazier</u>**

26. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**<u>ANSWER</u>**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

27. The Fourth Amendment guarantees citizens the right to be free from unreasonable searches and seizures.

**<u>ANSWER</u>**: To the extent that Plaintiff restates federal law, no response is required. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

28. Defendant, acting under color of state law, intentionally arrested Plaintiff without probable cause.

**<u>ANSWER</u>**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

29. At the time Defendant seized Plaintiff, no reasonably prudent officer could have concluded that Plaintiff committed attempted murder, intimidation, pointing a firearm, resisting law enforcement, or any other offense.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

30. Defendant knowingly misrepresented Plaintiff's conduct by falsely claiming Plaintiff pointed a firearm at her.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

31. Defendant's body-worn camera footage demonstrates Plaintiff never pointed a firearm and instead kept his hands raised.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

32. Defendant lacked probable cause to arrest Plaintiff.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

33. As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

**ANSWER**: Defendants deny that Plaintiff is entitled to any relief whatsoever.

**SECOND CAUSE OF ACTION - 42 U.S.C. §1983 – Fourth Amendment**
**Judicial Deception / Unreasonable Seizure**
**Based Upon Fabricated Probable Cause – Frazier**

34. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**ANSWER**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

35. Defendant intentionally prepared and signed a probable cause affidavit under penalty of perjury.

**ANSWER**: Defendants admit that Sgt. Frazier prepared a probable cause affidavit but states that all statements therein were truthful. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

36. Defendant knowingly included materially false statements.

**ANSWER**: Defendants deny that Sgt. Frazier made any false statements in her probable cause affidavit. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

37. Defendant omitted material facts demonstrating Plaintiff never pointed a firearm.

**ANSWER**: Defendants deny that Plaintiff "never pointed a firearm." Defendants deny that Sgt. Frazier "omitted material facts." Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

38. Defendant knew those false statements were necessary to establish probable cause.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier made any false statements in her probable cause affidavit. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

39. Without the fabricated statements, probable cause did not exist.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier made any false statements in her probable cause affidavit. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

40. Plaintiff was jailed for several days because of Defendant's knowingly false affidavit.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier made any false statements in her probable cause affidavit. Defendants deny Sgt. Frazier completed a "knowingly false affidavit." Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

41. Defendant thereby violated Plaintiff's Fourth Amendment rights.

**<u>ANSWER</u>**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

42. As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages.

**<u>ANSWER</u>**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

**<u>ANSWER:</u>** Defendants deny that Plaintiff is entitled to any relief whatsoever.

**THIRD CAUSE OF ACTION - Fourteenth Amendment –**
**<u>Due Process (Fabrication of Evidence) – Frazier</u>**

43. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**<u>ANSWER</u>**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

44. Defendant intentionally fabricated evidence.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier fabricated any evidence. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

45. Defendant knowingly created false evidence.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier created false evidence. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

46. Defendant intended prosecutors and courts to rely upon those false statements.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier made false statements. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

47. The fabricated evidence caused Plaintiff's incarceration.

**<u>ANSWER</u>**: Defendants deny that Sgt. Frazier fabricated any evidence. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

48. Such conduct shocks the conscience.

**ANSWER**: Defendants deny that Sgt. Frazier fabricated any evidence or made any false statements. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

49. Defendant deprived Plaintiff of liberty without due process.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

50. As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

**FOURTH CAUSE OF ACTION – §1983 –**
**Malicious Prosecution - Fourth Amendment – Frazier**

51. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**ANSWER**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

52. Defendant caused criminal charges to be initiated.

**ANSWER**: Defendants admit only that she submitted a probable cause affidavit indicating charges for intimidation and pointing a firearm. Defendants deny that the MCPO filed charges. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

53. Defendant knowingly supplied false information.

**ANSWER**: Defendants deny that Sgt. Frazier "knowingly supplied false information." Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

54. Plaintiff was seized pursuant to legal process.

**ANSWER**: Defendants admit only that Plaintiff was arrested. Defendants deny the other allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

55. Criminal proceedings terminated in Plaintiff's favor.

**ANSWER**: Defendants deny that formal proceedings were initiated. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

56. Defendant acted intentionally or with reckless disregard.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws.

57. Plaintiff suffered damages.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

58. As a direct and proximate result of Defendant's unconstitutional seizure, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages under §1983, attorney fees pursuant to 42 U.S.C. §1988, costs, prejudgment interest where appropriate, and all other just relief.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

**FIFTH CAUSE OF ACTION – Indiana False Arrest –City of Indianapolis**

59. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**ANSWER**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

60. Sgt. Frazier, while acting within the scope of her employment with Defendant City of Indianapolis, arrested Plaintiff

**ANSWER**: Defendants admit that Sgt. Frazier was acting within the scope of her employment. Defendants admit that Plaintiff was arrested. Defendants deny the other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

61. Sgt. Frazier lacked probable cause

**ANSWER**: Defendants deny that Sgt. Frazier lacked probable cause. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal

laws.

62. The arrest was unlawful.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

63. Plaintiff suffered damages.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

64. As a direct and proximate result of Sgt. Frazier's false arrest, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages, costs, prejudgment interest where appropriate, and all other just relief.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

**SIXTH CAUSE OF ACTION – Indiana False Imprisonment – City of Indianapolis**

65. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**ANSWER**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

66. Sgt. Frazier intentionally restrained Plaintiff's liberty.

**ANSWER**: Defendants admit that Plaintiff was arrested. Defendants deny the other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

67. Plaintiff was confined.

**ANSWER**: Defendants admit that Plaintiff was arrested. Defendants deny any other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

68. Sgt. Frazier lacked lawful authority.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

69. Plaintiff remained incarcerated approximately four days.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

70. Plaintiff suffered damages.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

71. At all relevant times, Sgt. Frazier was acting within the scope of her employment.

**ANSWER**: Defendants admit that Sgt. Frazier was acting within the scope of her employment. Defendants deny the other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

72. As a direct and proximate result of Plaintiff's false imprisonment caused by Sgt. Frazier, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages, costs, prejudgment interest where appropriate, and all other just relief.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

**SEVENTH CAUSE OF ACTION – Indiana Malicious Prosecution – City of Indianapolis**

73. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**ANSWER**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

74. Sgt. Frazier instituted or caused criminal proceedings.

**ANSWER**: Defendants deny that formal criminal proceedings were instituted. Defendants deny any other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

75. Defendant acted with malice.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

76. Defendant lacked probable cause.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

77. Proceedings terminated in Plaintiff's favor.

**ANSWER**: Defendants deny that proceedings were initiated. Defendants deny the other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

78. Plaintiff suffered damages.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

79. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff suffered:

a. loss of liberty;

b. incarceration;

c. emotional distress;

d. humiliation;

e. loss of reputation;

f. attorney fees and expenses; and

g. other compensatory damages.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE Plaintiff requests compensatory damages, punitive damages, costs, prejudgment interest where appropriate, and all other just relief.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

## EIGHTH CAUSE OF ACTION – Defamation
## (Libel and/or Defamation by Publication) – City of Indianapolis

80. Plaintiff incorporates paragraphs 1 – 25 as if fully rewritten.

**ANSWER**: Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated herein.

81. Following Plaintiff's arrest, Defendant City of Indianapolis, acting through the Indianapolis Metropolitan Police Department and its authorized employees and agents, publicly released statements to the media concerning Plaintiff.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

82. The statements included assertions that Plaintiff pointed a firearm at Sgt. Robyn Frazier, attempted to shoot Sgt. Frazier, and otherwise attempted to murder a police officer.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

83. Those statements were false.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

84. At the time Defendant continued publishing and republishing those statements, Defendant knew, or acted with reckless disregard, that the statements were false.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

85. Defendant possessed Sgt. Frazier's body-worn camera footage, which demonstrated that Plaintiff never pointed a firearm at Sgt. Frazier and never attempted to shoot her.

**ANSWER**: Defendants deny that Sgt. Frazier's body worn camera footage "demonstrated that Plaintiff never pointed a firearm at Sgt. Frazier and never attempted to shoot her." Defendants deny the other allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

86. Defendant further knew that the Marion County Prosecutor dismissed every criminal charge after determining the body-worn camera footage did not support Sgt. Frazier's sworn allegations.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

87. Despite this knowledge, Defendant continued to publish and maintain the false statements on its official website, press releases, and other publicly accessible media, where they remained available to the public as of July 15, 2026.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

88. Defendant's continued publication falsely portrayed Plaintiff as an individual who attempted to murder a police officer.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

89. The statements were published to numerous third parties.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

90. The statements were defamatory per se because they falsely accused Plaintiff of serious criminal conduct.

**ANSWER**: Defendants deny that Sgt. Frazier falsely accused Plaintiff of criminal conduct. Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws.

91. Defendant acted negligently, recklessly, or with actual malice in continuing to publish statements it knew were false.

**ANSWER**: Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny the same.

92. As a direct and proximate result of Defendant's defamatory publications, Plaintiff has suffered damages including:

a. injury to his reputation;

b. humiliation;

c. public ridicule;

d. emotional distress;

e. loss of employment and business opportunities;

f. embarrassment;

g. other general and special damages.

**ANSWER**: Defendants deny any allegations in this paragraph, and, more specifically, deny that they violated any state or federal laws. Defendants deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Plaintiff demands judgment against Defendant City of Indianapolis for compensatory damages, presumed damages, special damages, costs, prejudgment interest where allowed by law, and all other just and proper relief.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**ANSWER**: Plaintiff demanded a jury trial so no response is required.

## DEFENSES

Defendants, Sergeant Robyn Frazier and City of Indianapolis, by counsel, pursuant to Fed.R.Civ.Pro 8(c), and subject to further investigation and discovery, hereby assert the following defenses in this matter:

1. Defendants deny each and every allegation contained in Plaintiff's Complaint which is not specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The individual Defendants are entitled to qualified immunity.

4. Defendants are entitled to absolute and/or qualified privilege on all defamation claims.

5. Plaintiff has failed to mitigate damages.

6. To the extent that Plaintiff has received or does receive payments for the alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.

7. Plaintiff's claims are barred, in whole or in part, to the extent his claims are outside the scope of his notice of tort claim.

8. Plaintiff's state law claims are barred to the extent he has failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code section 34-13-3-1, *et seq*.

9. To the extent that Plaintiff's lawsuit alleges state tort claims, County Defendants are immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-3, *et seq*.

10. Plaintiff may not recover damages on any state law claims against any individual for the acts committed within the scope of his or her employment.

11. Plaintiff's claims are barred because the Plaintiff's alleged injuries, damages, or losses, were directly and proximately caused by the intervening acts, superseding acts, and conduct of people who were not acting as agents or employees of the City.

12. Plaintiff's right to recovery, if any, is limited under federal and state law. Defendants' combined aggregate liability may not exceed the cap identified in Indiana Code § 34-13-3-4.

13. To the extent that Plaintiff's Complaint seeks punitive damages, these claims are barred against a governmental employee or entity under state law.

14. Plaintiff's claim for attorneys' fees is barred by Indiana law.

15. Defendants' alleged acts or failures to act were not the cause or proximate cause of Plaintiff's alleged damages.

16. Plaintiff is not entitled to a jury trial on issues where there is no federal right to a jury trial, including equitable issues and relief.

17. Defendants are continuing their investigation and study of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserve the right to amend, modify, revise, or supplement its answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in its defense upon the completion of such investigation and study.

WHEREFORE, Defendants, Sergeant Robyn Frazier and City of Indianapolis, by counsel, having fully answered Plaintiff's Complaint, pray that judgment be entered in their favor and against Plaintiff, or alternatively, that Plaintiff's claims be dismissed with prejudice, and that Defendants be permitted to recover their costs incurred herein, including reasonable attorneys' fees incurred in defense of this action, and for all other just and proper relief.

FBT GIBBONS, LLP

By: */s/ Alexander P. Will*

Anthony W. Overholt, #16481-49
Alexander P. Will, #23474-49
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
Email: aoverholt@fbtgibbons.com
awill@fbtgibbons.com

Attorneys for Defendants, Sergeant Robyn Frazier and City of Indianapolis

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Terrance Kinnard
Kinnard Rowley Power Jimenez
320 N. Meridian Street, Suite 1006
Indianapolis, IN 46204
tkinnard@krpjlaw.com

*/s/ Alexander P. Will*
Alexander P. Will

LR02314.0754710 4916-7949-1265v3