**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAILEN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Case No.: 1:26-cv-01508-JPH-TAB |
| SERGEANT ROBYN FRAZIER and | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |

# CASE MANAGEMENT PLAN

## I. Parties and Representatives

Plaintiff: Dailen Brewer

Counsel for Plaintiff:

Terrance Kinnard
Kinnard Rowley Powers Jimenez
Chamber of Commerce Building
320 N. Meridian St., Ste. 1006
Indianapolis, IN 46204
Telephone: (317) 855-6282
Facsimile: (317) 855-6284
Email: kinnard@krpjlaw.com

Defendant(s): Sgt. Robyn Frazier, City of Indianapolis

Counsel for Defendant:

Anthony W. Overholt
Alexander P. Will
FBT Gibbons
111 Monument Circle, Ste. 4500
PO Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800

Facsimile: (317) 237-3900
Email: aoverholt@fbtgibbons.com
awill@fbtgibbons.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 1988.

B. **Plaintiff's Claims:** Plaintiff alleges that Sgt. Frazier fabricated material statements in a probable cause affidavit which resulted in the Plaintiff's arrest and incarceration for four (4) days on attempted murder and other charges which were ultimately dismissed. The City published and continues to publish the same fabricated statements from Sgt. Frazier's affidavit which are defamatory and libelous.

C. **Defendants' Summary:** Defendants deny the allegations in Plaintiff's Complaint. Sgt. Frazier stopped Plaintiff (with his passenger) after Plaintiff disregarded police orders, drove around a police barricade and drove the wrong way in a lane of travel. When Sgt. Frazier when to stop Plaintiff for the violation, she found both him and his passenger armed with two tactical assault rifles and two handguns at a packed public park on a Sunday evening. Sgt. Frazier saw Plaintiff holding a revolver and that barrel of the revolver was pointed in her direction through the door. Scared for her personal safety, Sgt. Frazier called for backup and Plaintiff was arrested and all the firearms were secured. Plaintiff was preliminarily charged with "attempted murder," but Sgt. Frazier had nothing to do with that charge. In fact, she affirmatively asked that it not be charged. She detailed the account of what occurred in her probable cause affidavit. Sgt. Frazier did not fabricate any statements—material or otherwise—in the probable cause affidavit. Probable cause existed for Plaintiff's arrest and any judicial proceedings, and Sgt. Frazier is entitled to qualified immunity. Further, the City is entitled to qualified privilege on the defamation claim.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **November 20, 2026.**

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **November 20, 2026.**

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **December 4, 2026.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **December 21, 2026.**

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **December 21, 2026.** Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 14 days after receipt of the demand.**

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or **July 20, 2027.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 19, 2027**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **August 19, 2027.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with any motion for summary judgment to be filed by any party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **September 20, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **September 20, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). The parties do not anticipate a substantial volume of ESI in this case. The ESI will consist primarily of electronic mail communications and body worn camera ("BWC") footage.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

To the extent that any ESI discovery is required, BWC footage should be provided in a format that is accessible by Windows Media Player or a similar format. Otherwise, the parties suggest that ESI productions be made in a searchable format (including any metadata) to be agreed upon by counsel, which at a minimum would allow for productions in hard copy, TIFF, PDF format, or other similar imaged format, or otherwise in its native format, if the application for reading and/or using such information is reasonably available to the public.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Plaintiff does not believe his claims can be resolved by dispositive motion.

Defendants believe the matter may be appropriate for a motion for summary judgment on some or all claims. Sgt. Frazier believes she is entitled to qualified immunity and the City believes it is entitled to immunity and/or qualified privilege on Plaintiff's claims.

B. On or before **May 27, 2027**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

__XX__ Track 2: Dispositive motions are expected and shall be filed by **July 20, 2027**; non-expert witness discovery and discovery relating to liability issues shall be completed by **May 20, 2027**; expert witness discovery and discovery relating to damages shall be completed by **October 20, 2027**. All discovery shall be completed by no later than **October 20, 2027.**

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in February 2027.**

## VI. Trial Date

The parties request a trial date in the beginning of January 2028. The trial is by jury and is anticipated to take two to three (2-3) days.

## VII. <u>Referral to Magistrate Judge</u>

A. **Case**. At this time, all parties do **not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. <u>Required Pre-Trial Preparation</u>

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the

actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

There are no other matters requiring the Court's attention at this time.

Respectfully submitted,

**/s/ Terrance Kinnard______**
Terrance Kinnard
Kinnard Rowley Powers Jimenez
320 N. Meridian St., Ste. 1006
Indianapolis, IN 46204
Telephone: (317) 855-6282
Facsimile: (317) 588-1519
Email: tkinnard@krpjlaw.com
Attorney for Plaintiff

**/s/ Alexander P. Will_______**
Anthony W. Overholt
Alexander P. Will
Frost Brown Todd LLP
111 Monument Circle, Ste. 4500
PO Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
Email: aoverholt@fbtgibbons.com
awill@fbtgibbons.com

******************************************************************************

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON OCTOBER 8, 2026, FOR AN INITIAL PRETRIAL CONFERENCE. |
| X | CASE MANAGEMENT PLAN APPROVED AS AMENDED. THE TRIAL DATE SHOULD BE FEBRUARY 2028. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR FEBRUARY 4, 2027, AT 2 P.M. BEFORE MAGISTRATE JUDGE TIM A. BAKER. THE PURPOSE OF THIS CONFERENCE IS TO DISCUSS CASE STATUS AND SETTLEMENT. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| X | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY MAY 20, 2027. |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN JULY 20, 2027. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

Date: 10/8/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email